UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD LAW, | ) | 3:12-CV-0261-LRH-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MINUTES OF THE COURT** |
| v. | ) | |
| | ) | |
| KINROSS GOLD U.S.A., INC., | ) | August 22, 2013 |
| | ) | |
| Defendant. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

The court has received and reviewed both the plaintiff and defendant's motions to compel (#s 26 & 27). Both motions are **DENIED without prejudice** for failure to meet and confer and for failure to provide certification that counsel have been unable to resolve the matter without court action pursuant to Fed.R.Civ.P. 37 and LR 26-7(b).

While plaintiff's counsel makes a cursory reference to attempting to resolve discovery disputes, he provides no evidence or certification of efforts to meet and confer as required. Defendant's counsel states that he "in good faith attempted to confer with counsel for Plaintiff . . . ." (#26). As evidence of this, counsel attaches three very brief emails, including one sent from by his legal assistant to someone in the office of plaintiff's counsel (#26, Ex. E). The court finds that this certification does not satisfy the personal consultation requirement of Fed.R.Civ.P. 37 and LR 26-7(b). *Shuffle Master, Inc. v. Progressive Games, Inc.* 170 F.R.D. 166, 170 (D.C. Nev. 1996) (certification must "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to *personally* resolve the discovery dispute.")

The parties shall have leave to re-file their motions if counsel are unable to resolve the matter after following the dictates of Fed.R.Civ.P. 37 and LR 26-7(b).

IT IS SO ORDERED.

LANCE S. WILSON, CLERK

By:   /s/
Deputy Clerk